"The above cases are consolidated by the court sua sponte for purposes of dealing with defendant’s similar motions for summary judgment. In No. 193-76 the petition appears to deal with the plaintiffs grievances as an enlisted man employed in the National Security Agency in the United States Air Force, up to his separation on April 10, 1974, and in No. 396-76 the petition takes up the story from his enlistment in the Army on April 30, 1974. Both services are alleged to have given plaintiff a hard time and possibly to have concluded that he was a mental case. How and why the Army accepted plaintiff in view of his Air Force trouble is not explained. Plaintiff in No. 193-76 says he wants his separation from the Air Force inquired into, but does not allege it to have been illegal. He does not deny he is presently a member of the Army, as defendant says. Plaintiff seems to view this court as some kind of roving ombudsman that will conduct an ex parte investigation of all his grievances and render condign punishment to those responsible. The petitions are deficient in the particulars specified in Rule 35(a), (b), (c), and (g) and fail to allege any claim for monetary relief within the jurisdiction of this court. If they sufficiently allege any form of injury or wrong it is tortious in character and not of the kind for which defendant has given consent for suit in this court. *780 The petition in No. 193-76 only is captioned 'Petition for Discovery’ but cannot be deemed a Rule 36 petition as it lacks essential allegations for that category of claim, and, moreover, plaintiff has not taken the other steps that rule requires.
"Accordingly, on motions of defendant for summary judgment on both petitions, on briefs by defendant, and plaintiff not having responded in No. 396-76, and not having responded relevantly in No. 193-76, it is ordered that both petitions must be and hereby are dismissed.”
Plaintiffs petition for certiorari was denied October 3, 1977.